IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELWOOD HUNTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 12-286-GMS |
| | ) | |
| G.R. JOHNSON, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Elwood Hunter. *Pro se* petitioner.

James T. Wakley. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

_March 28_, 2013
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") (D.I. 1) filed by petitioner Elwood Hunter ("Hunter"). (D.I. 1) The State has filed a motion to dismiss the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244. (D.I. 12) For the reasons that follow, the court will grant the State's motion to dismiss the petition.

## I. PROCEDURAL BACKGROUND

On February 2, 2007, a Delaware Superior Court jury convicted Hunter of possession with intent to deliver heroin and use of a vehicle for keeping a controlled substance. (D.I. 12) Hunter was sentenced as a habitual offender to life imprisonment plus one year and six months at Level V. *Id.* The Delaware Supreme Court affirmed Hunter's convictions and sentences on direct appeal. *Hunter v. State*, 945 A.2d 594 (Table), 2008 WL 625566 (Del. Mar. 10, 2008).

On March 6, 2009, Hunter filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on August 20, 2009. *See Hunter v. State*, 16 A3d 938 (Table), 2011 WL 1135129 (Del. Mar. 28, 2011). Hunter filed a notice of appeal from that decision on March 1, 2011, which the Delaware Supreme Court dismissed as untimely on March 28, 2011. *Id.*

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date

2

must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Hunter's petition, docketed in March 2012, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Hunter does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when Hunter's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Hunter's convictions and sentences on March 10, 2008, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, his convictions became

3

final for the purposes of § 2244(d)(1)(A) on June 9, 2008. Accordingly, to comply with the one-year limitations period, Hunter had to file his § 2254 petition by June 9, 2009. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Hunter did not file his habeas petition until February 28, 2012,[2] three full years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, Hunter filed his Rule 61 motion on March 6, 2009, and it was denied on August 20, 2009. Because Hunter waited over two years to file a notice of appeal in the Delaware Supreme Court, his post-conviction appeal was dismissed as untimely. *See Hunter*, 2011 WL 1135129, at *1. In

---

[2]Pursuant to the prisoner mailbox rule, the court adopts as the filing date the date on which Hunter signed the petition: February 28, 2012. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

these circumstances, the Rule 61 motion tolls the limitations period from March 6, 2009 through September 21, 2009, the date on which the thirty-day appeal period expired.[1]

When Hunter filed his Rule 61 motion on March 6, 2009, 269 days of the limitations period had already lapsed. Once the tolling from the Rule 61 motion ended on September 21, 2009, the limitations clock started to run again on September 22, 2009, and continued to run the remaining ninety-six days without interruption until the limitations period expired on December 27, 2009. Accordingly, the petition must be dismissed as time-barred, unless equitable tolling is available.

### C. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

---

[1] The thirty-day period actually ended on September 20, 2009, which was a Sunday. Consequently, the appeal period was extended through the end of the day Monday, September 21, 2009. Del. Supr. Ct. R. 6.

Here, Hunter appears to ask the court to equitably toll the limitations period because the Superior Court did not timely advise him that it had ruled upon his Rule 61 motion. However, when the Delaware Supreme Court denied Hunter's post-conviction appeal as untimely, it specifically found that Hunter had offered no evidence that the more than two year delay in filing his notice of appeal was due to an error by the trial court or court related personnel. *See Hunter*, 2011 WL 1135129 at ¶ 4. Hunter has not offered any other cause for his failure to timely file the instant petition. Thus, Hunter has failed to demonstrate that some extraordinary circumstance prevented him from complying with AEDPA's one-year filing deadline.

In turn, Hunter has failed to demonstrate that he exercised reasonable diligence in pursuing his claims. For instance, he waited more than two years to file a notice of appeal from the denial of his Rule 61 motion, and then waited almost another full year after that to file the instant petitioner. And finally, to the extent Hunter's untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For the foregoing reasons, the court concludes that the doctrine of equitable tolling is not available to Hunter on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district

6

court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Hunter's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Hunter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.